Colin Mulholland, Esq.
30-97 Steinway, Ste. 301-A
Astoria, New York 11103
Telephone: (347) 687-2019
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JAHAIRA COLLADO,

|  |  |
|---|---|
| *Plaintiff*, | **Civil Action No.: 22-cv-10600** |
| -against- | **COMPLAINT** |
| | **JURY TRIAL DEMANDED** |

216 REALTY ASSOCIATES LLC, HIRSCH
SCHWARTZ and LEONARD SCHWARTZ.

*Defendants.*

---------------------------------------------------------X

        JAHAIRA COLLADO ("Plaintiff") by and through her attorney, Colin Mulholland, Esq.

and as against HIRSCH SCHWARTZ, LEONARD SCHWARTZ and 216 REALTY

ASSOCIATES LLC (collectively, "Defendants"), alleges as follows:

<u>**NATURE OF THE ACTION**</u>

        1.      Plaintiff was a former employee of 216 REALTY ASSOCIATES LLC at 216 7th

Ave New York, NY 10011 that was owned and operated by Defendants HIRSCH SCHWARTZ,

LEONARD SCHWARTZ and 216 REALTY ASSOCIATES LLC.

        2.       Defendants own, operate, and/or control the building located at 216 7th Ave New

York, NY 10011.

        3.      Plaintiff was employed as a building superintendent.

        4.      Defendants failed to pay Plaintiff the proper minimum wages and overtime

payments under each the FLSA and the NYLL.

1

5.      Further, Defendants failed to provide Plaintiff with the proper wage notices and statements under the New York Labor Laws and discriminated against the Plaintiff based on her gender.

6.      Plaintiff now brings this action for unpaid overtime wages and minimum wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq.* and 650 *et seq.* ("NYLL"), including applicable liquidated damages, interest, attorneys' fees, and costs along with claims arising under the New York City Human Rights Law and New York State Human Rights Laws.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

8.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff was employed by Defendants in this district.

## THE PARTIES

9.      Plaintiff JAHAIRA COLLADO ("Plaintiff COLLADO") is an adult individual residing in New York County, New York.

10.     216 REALTY ASSOCIATES LLC is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 216 7th Ave New York, NY 10011.

2

11.     Defendant HIRSCH SCHWARTZ is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant HIRSCH SCHWARTZ is sued individually in his capacity as an owner, officer and/or agent of Defendant 216 REALTY ASSOCIATES LLC ('Defendant Corporation').

12.     Defendant HIRSCH SCHWARTZ possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

13.     Defendant HIRSCH SCHWARTZ determined the wages and compensation of the employees of Defendants, including Plaintiff.

14.     Defendant HIRSCH SCHWARTZ maintained employee records.

15.     Defendant HIRSCH SCHWARTZ had the authority to hire and fire Plaintiff.

16.     Defendant HIRSCH SCHWARTZ is one of two individual empowered to make final business decision for 216 REALTY ASSOCIATES LLC. including but not limited to setting pay policies for the company.

17.     Defendant HIRSCH SCHWARTZ maintained employee records.

18.     Defendant HIRSCH SCHWARTZ had the authority to hire and fire Plaintiff.

19.     Defendant HIRSCH SCHWARTZ disciplined Plaintiff.

20.     Defendant HIRSCH SCHWARTZ assigned Plaintiff work tasks.

21.     Defendant HIRSCH SCHWARTZ issued Plaintiff's pay.

22.     Defendant HIRSCH SCHWARTZ fielded Plaintiff's complaints about work and pay.

23.     Defendant HIRSCH SCHWARTZ discharged Plaintiff.

24.     Defendant LEONARD SCHWARTZ is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant HIRSCH SCHWARTZ is sued individually in his capacity as an owner, officer and/or agent of Defendant 216 REALTY ASSOCIATES LLC ('Defendant Corporation').

25.     Defendant LEONARD SCHWARTZ possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

26.     Defendant LEONARD SCHWARTZ determined the wages and compensation of the employees of Defendants, including Plaintiff.

27.     Defendant LEONARD SCHWARTZ hired Plaintiff.

28.     Defendant LEONARD SCHWARTZ established the schedule of the Plaintiff and other employees.

29.     Defendant LEONARD SCHWARTZ maintained employee records.

30.     Defendant LEONARD SCHWARTZ had the authority to hire and fire Plaintiff.

31.     Defendant LEONARD SCHWARTZ disciplined Plaintiff.

32.     Defendant LEONARD SCHWARTZ assigned Plaintiff work tasks.

33.     Defendant LEONARD SCHWARTZ issued Plaintiff's pay.

34.     Defendant LEONARD SCHWARTZ fielded Plaintiff's complaints about work and pay.

35.     Defendant LEONARD SCHWARTZ discharged Plaintiff.

36.     Defendants are associated and joint employers, act in the interest of each other with respect to the building located at 216 7th Ave New York, NY 10011.

4

37.     Each Defendant possessed substantial control over Plaintiff's working conditions, and held power of over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of Plaintiff.

38.     Defendants jointly employed Plaintiff within the meaning of 29 U.S.C. § 201 e*t seq*. and the NYLL.

39.     In the alternative, Defendants constitute a single employer of Plaintiff.

40.     At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and New York Labor Law.

41.     Defendants are each experienced business owners in New York City and have knowledge, and/or should have knowledge, of the labor laws.

42.     In each year from 2017 to 2022, Defendants, both separately and jointly, had a gross annual volume of revenue of not less than $500,000 based on the amount of units and level of rents connected with the building itself and other buildings operated by the Defendants as a joint enterprise.

43.     Defendants and/or their enterprise were directly and indirectly engaged in interstate commerce. For example, Plaintiff and Defendants' employees handled and purchased for the business cleaning items and construction tools that originated out of state that were used in the servicing the Defendants' building including but not limited to items such as mops, bleach, power tools, garbage bags, flashlights, paint, ladders, bags, brooms, pails, road salt, shovels, spackle, plumbing tools, saw blades, screws, nails, primer, dry wall, trim lumber, locksmithing tools, ammonia, Windex, glass, glaze, glue, chalk, rags, paper towels, vacuum cleaners, wrenches, plumbing snakes, power washers, duct tape, electrical tape, wires, catspaws, crow bars  and other cleaning supplies and construction equipment.

44.     Plaintiff was individually engaged in commerce by virtue of her role using and securing equipment and supplies produced out of state for the Defendants' business.

*Plaintiff JAHAIRA COLLADO*

45.     Throughout her employment with defendants, Plaintiff COLLADO was employed as a superintendent and general laborer at the building located at 216 7th Ave New York, NY 10011.

46.     Plaintiff COLLADO regularly handled goods in interstate commerce, such as cleaning supplies, foods and other supplies produced and originating from outside the state of New York.

47.     Plaintiff COLLADO'S work was supervised and her duties required neither discretion nor independent judgment.

48.     Plaintiff COLLADO was hired by the Defendants in late 2017.

49.     Defendants formally discharged Plaintiff on May 3rd, 2022.

50.     Defendants continued to suffer Plaintiff COLLADO to work and enjoyed the benefit of her services until the beginning of June 2022.

51.     From late 2017 until January 2019, Plaintiff worked for the Defendants seven days a week from between 6:00 A.M. and 9:00 A.M. until between 8:00 P.M. and 12:00 P.M..  Plaintiff was also expected to be on-call at all times during this period.

52.     Defendants did not pay Plaintiff at all during the period from late 2017 until January 2019.

53.     From January 2019 until May 2022, Plaintiff worked for the Defendants Monday through Saturday typically from between 9:00 A.M. until 5:00 P.M and also performed additional tasks between 5:00 A.M. and 9:00 A.M. two to three times per week and tasks between 1:00 A.M.

and 3:00 A.M. two to three times per week.  Plaintiff also worked one to three hours for the Defendants on two Sundays per month on average.

54.     Defendants paid Plaintiff a monthly salary of $250.00 from January 2019 until May 2022.

55.     From May 2022 to June 2022, Plaintiff performed one to two hours of work per day for the benefit of the Defendants.  Defendants did not compensate Plaintiff at all during this period.

56.     From approximately June 2021 until present, Plaintiff did have a remote position where she worked between two to three hours from between 11:00 A.M. and 3:00 P.M.

57.     The above represents a fair approximation of Plaintiff COLLADO's schedule and there were instances when Plaintiff worked more or less than that typical schedule depending on the needs to Defendants' business.

58.     Such failure to pay overtime premiums and minimum wages was willful and malicious.  Plaintiff had frequently demanded that she be paid during the period from late 2017 until January 2019 and Defendant LEONARD SCHWARTZ routinely stated that she did not deserve payment and that she needed to prove herself before she could get paid.

59.     No proper notification was given to Plaintiff COLLADO regarding overtime and minimum wages under the FLSA and NYLL for each year she worked or change in rate of pay.

60.     Defendants never provided Plaintiff COLLADO with each payment of wages a proper statement of wages, as required by NYLL 195(3).

61.     Defendants failed to provided Plaintiff COLLADO all of the proper and complete notices in, of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1) for each year she worked or each change in rate of pay.

## DISCRIMINATORY AND RETALIATORY CONDUCT

62.     Defendant LEONARD SCHWARTZ treated Plaintiff different and less well because she was a woman.

63.     Plaintiff had lived in the Defendants building for years with her late husband. It was her late husband who initially served as the building superintendent at 216 7th Ave New York, NY 10011.

64.     Sadly, in August 2017, Plaintiff's husband passed away leaving Plaintiff as a tenant in 216 7th Ave New York, NY 10011.

65.     Plaintiff asked the Defendants to take her husband's former position as a superintendent for the building.

66.     Defendant LEONARD SCHWARTZ initially denied Plaintiff the position stating in sum and substance that she would not make a good superintendent because she was a woman and women were not capable of keeping up with the physical exertion required.

67.     Plaintiff eventually, after some time, convinced the Defendants to employ her as the building superintendent.

68.     Defendant LEONARD SCHWARTZ stated that Plaintiff could prove herself capable, despite being a woman, by working for the Defendants without pay as a kind of probation.

69.     Plaintiff did indeed serve that unlawful and discriminatory probationary period from late 2017 until January 2019 when the Defendants finally put her on pay roll.

70.     Defendant LEONARD SCHWARTZ routinely made comments to Plaintiff throughout her employ starting in late 2017 and all the way to the end of her employment in 2022. Whenever a task took longer than Defendant SCHWARTZ wanted or the outcome of a repair was

not what he expected, Defendant LEONARD SCHWARTZ stated in sum and substance comments such as "See, I told you that you wouldn't be able to keep up", "This job is too much for you" and "I knew women don't like this job" and other comments suggesting that the outcome of these tasks was a consequence of the weakness of her gender.

71.     Defendant SCHWARTZ frequently threatened Plaintiff with bringing in a male worker to replace her and specifically highlighted that the replacement would be male.

72.     Defendants also treated male employees better than Plaintiff.

73.     Defendants owned and managed another building where they had a male superintendent.  Defendants required Plaintiff to cover for that male superintendent when he went on vacation in the summer, requiring Plaintiff to serve two buildings at the same time for weeks at a time.

74.     However, Defendants regularly challenged and complained when Plaintiff asked to take vacation and never asked any other employee to fill in for her positions when she left on vacation.

75.     Defendant HIRSCH SCHWARTZ aided and abetted, or otherwise condoned, such discriminatory treatment and harassment by implementing the same hostile and discriminatory conditions of employment upon Plaintiff with full knowledge of Defendant LEONARD SCHWARTZ' discriminatory motives and comments, including but not limited to the discriminatory probationary period outlined above.

## **FIRST CAUSE OF ACTION**

## **VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA**

76.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

77. Defendants, in violation of the FLSA, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

78. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

79. Plaintiff was damaged in an amount to be determined at trial.

<u>SECOND CAUSE OF ACTION</u>

**VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA**

80. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

81. At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff, controlled the terms and conditions of their employment and had the power to determine the rate and method of any compensation in exchange for their employment.

82. At all times relevant to this action, Defendants were engaged in interstate commerce or in an industry or activity affecting interstate commerce.

83. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

84. Plaintiff was individually engaged in interstate commerce.

85. Defendants failed to pay Plaintiff at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

86. Defendants' failure to pay Plaintiff at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

87. Plaintiff was damaged in an amount to be determined at trial.

10

**THIRD CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW**

88.　Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

89.　Defendants, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiff's overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

90.　Defendants' failure to pay Plaintiff's overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

91.　Plaintiff was damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**

**NEW YORK STATE LAW MINIMUM WAGE CLAIM**

92.　Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

93.　At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff, controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

94.　Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff less than the minimum wage.

95.　Defendants' failure to pay Plaintiff the minimum wage was willful and not in good faith within the meaning of N.Y. Lab. Law § 663.

96.　Plaintiff was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

97.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

98.     Defendants failed to pay Plaintiff one additional hour's pay at the basic minimum wage rate or prevailing regular rate of pay before allowances for each day Plaintiff's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

99.     Defendants' failure to pay Plaintiff an additional hour's pay for each day Plaintiff's spread of hours exceeded ten hours was willful not in good faith within the meaning of New York Lab. Law § 663.

100.     Plaintiff was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING
### REQUIREMENTS OF THE NEW YORK LABOR LAW

101.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

102.     Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

103.    Defendants are liable to Plaintiff in the amount of $5,000 each, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS
### OF THE NEW YORK LABOR LAW

104.    Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

105.    With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

106.    Defendants are liable to Plaintiff in the amount of $5,000 each, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

### VIOLATION OF NYC HUMAN RIGHTS LAW– DISCRIMINATORY TREATMENT

107.    Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if set forth fully herein.

108.    Plaintiff has or will have served a copy of the complaint on both the Office of Corporate Counsel of the City of New York and the New York City Commission on Human Rights.

109.    By the actions described above, among others, Defendant discriminated against the Plaintiff on the basis of her gender in violation of the NYCHRL by denying her equal terms and

conditions of employment, subjecting her to disparate working conditions and harassing her and subjecting her to offensive, cruel and hostile environment as a condition of her employment.

110.    Defendants' actions against the Plaintiff constituted discriminatory treatment, harassment in violation of NYCHRL.

111.    Plaintiff suffered embarrassment, humiliation and emotion distress, *inter alia*, as a result of her treatment by the Defendants.

112.    Defendants conduct constitutes malicious, willful and wanton violations of the NYCHRL for which Plaintiff is entitled to punitive damages, damages for emotional distress, *inter alia*.

113.    Plaintiff was damaged in an amount to be determined at trial.

### NINTH CAUSE OF ACTION

### NEW YORK CITY HUMAN RIGHTS LAW – AIDING and ABETTING

114.    Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if set forth fully herein.

115.    Plaintiff has or will have served a copy of the complaint on both the Office of Corporate Counsel of the City of New York and the New York City Commission on Human Rights.

116.    By the actions described above, among others, Defendant discriminated against the Plaintiff on the basis of her gender in violation of the NYCHRL by denying her equal terms and conditions of employment, subjecting her to disparate working conditions and subjecting her to a cruel and oppressive work environment as a condition of her employment.

117.    Defendants knowingly and recklessly aided and abetted that unlawful employment practices and discrimination against Plaintiff in violation of NYCHRL Section 8-107(6).

118.    Plaintiff suffered embarrassment, humiliation, and emotion distress, *inter alia*, as a result of her treatment by the Defendants.

119.    Defendants conduct constitutes malicious, willful and wanton violations of the NYCHRL for which Plaintiff is entitled to punitive damages, damages for emotional distress, *inter alia*.

120.    Plaintiff was damaged in an amount to be determined at trial.

<u>**TENTH CAUSE OF ACTION**</u>

**NEW YORK STATE HUMAN RIGHTS LAW AND EXECUTIVE LAW –**

**DISCRIMINATION**

121.    Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if set forth fully herein.

122.    By the actions described above, among others, Defendant discriminated against the Plaintiff on the basis of her gender in violation of the NYSHRL and NY State Executive Law, including but not limited to Executive Law Section 296(1)(a), (6) & (7), by denying her equal terms and conditions of employment, subjecting her to disparate working conditions and harassing her, as well as by "aiding abetting, inciting".

123.    Such conduct was severe and pervasive.

124.    Defendants actions against the Plaintiff constituted discriminatory treatment, harassment and retaliation in violation of NYSHRL.

125.    Defendants conduct constitutes malicious, willful and wanton violations of the NYSHRL.

126.    Plaintiff was damaged in an amount to be determined at trial.

## ELEVENTH CAUSE OF ACTION

### NEW YORK STATE HUMAN RIGHTS LAW – AIDING and ABETTING

127.    Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if set forth fully herein.

128.    By the actions described above, among others, Defendant discriminated against the Plaintiff on the basis of her gender in violation of the NYSHRL by denying her equal terms and conditions of employment, subjecting her to disparate working conditions and subjecting her to a cruel and oppressive work environment as a condition of her employment.

129.    Defendants knowingly and recklessly aided and abetted that unlawful employment practices and discrimination against Plaintiff in violation of N

130.    Plaintiff suffered embarrassment, humiliation and emotional distress, *inter alia*, as a result of her treatment by the Defendants.

131.    Defendants conduct constitutes malicious, willful and wanton violations of the NYSHRL for which Plaintiff is entitled to punitive damages, damages for emotional distress, *inter alia*.

132.    Plaintiff was damaged in an amount to be determined at trial.

## TWELFTH CAUSE OF ACTION

### UNPAID AND LATE WAGES UNDER NYLL ARTICLE 6 AND ARTICLE 19

133.    Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

134.    Plaintiff was a manual worker as defined by the NYLL.

135.    Defendants regularly paid Plaintiff in monthly and irregular increments over the course of her employ.

136.    Defendants violated the NYLL by failing to timely pay Plaintiff for her work under

16

NYLL Section *19 et seq*.

137.    Defendants failure to pay Plaintiff was willful malicious and/or not in good faith.

138.    Defendants owe Plaintiff liquidated damages for all payments issued later than 7 days.

139.    Plaintiff was damaged in an amount to be determined at trial.

## THIRTEENTH CAUSE OF ACTION

### FAILURE TO PAY CALL-IN PAY

140.    Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if set forth fully herein.

141.    Defendants are each and together employers under the New York Labor Law Section 190.

142.    At all relevant times, Plaintiff was an employee.

143.    Defendants willfully violated Plaintiff's rights under the Minimum Wage Order of the NYLL by failing to pay her for at least four (4) hours for the time worked at Defendants' request while Plaintiff was on-call outside normally scheduled working hours.

144.    As a result of Defendants' failure to pay call-in pay, Plaintiff suffered damages in an amount to be determine at trial and is entitled to recover such amount along with prejudgment and post judgment interest, attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants:

(a)    Declaring that Defendants violated the overtime and minimum wage provisions of, and associated rules and regulations, the FLSA as to Plaintiff;

(b)    Reinstating Plaintiff to her position as superintendent;

17

(c)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's compensation, hours, wages, and any deductions or credits taken against wages;

(d)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff;

(e)     Awarding Plaintiff damages for the amount of unpaid overtime and minimum wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)     Awarding Plaintiff liquidated damages in an amount equal to 100% of their damages for the amount of unpaid overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the overtime and minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff;

(h)     Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff;

(i)     Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff' compensation, hours, wages; and any deductions or credits taken against wages;

(j)     Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff;

(k)     Enjoining Defendants from future violations of the NYLL;

(l)     Awarding Plaintiff damages for the amount of unpaid overtime and minimum wages, damages for any improper deductions or credits taken against wages under the FLSA and

18

NYLL, as well as awarding spread of hours pay under the NYLL as applicable;

(m)     Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)     Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay, minimum wages and overtime compensation shown to be owed pursuant to NYLL § 663 and Article 6 as applicable;

(o)     Awarding Plaintiff any and all call in pay along with associated liquidated damages;

(p)     Awarding Plaintiff liquidated damages for all late payments under the NYLL;

(q)     Awarding Plaintiff font pay, back pay, liquidated damages, damages for emotional distress, punitive damages and attorneys' fees and costs under both or either the NYSHRL for Defendants' discriminatory and retaliatory conduct;

(r)     Awarding Plaintiff font pay, back pay, liquidated damages, damages for emotional distress, punitive damages and attorneys' fees and costs under NYCHRL for Defendants' discriminatory and retaliatory conduct;

(s)     Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

(t)     Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees;

(u)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(v)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by a jury.

Dated: Queens, New York
           December 15, 2022


                                  By:      */s/ Colin Mulholland*
                                           Colin Mulholland, Esq.
                                           30-97 Steinway, Ste. 301-A
                                           Astoria, New York 11103
                                           Telephone: (347) 687-2019
                                           *Attorney for Plaintiff*